IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRIS FORDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV617 |
| | ) | |
| ALVIN KELLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a motion to dismiss by Defendants Gary Crutchfield, Neal Leakez, and Chandra Ranson. (Docket Entry 21.) Defendants Lisa Starr and Daniel Barnes have both joined the motion to dismiss by co-defendants pursuant to Federal Rule of Civil Procedure 10(c). (Docket Entries 32, 33.) Additionally, Defendant Barnes has filed a separate motion to dismiss on grounds that he is not subject to supervisory liability. (Docket Entry 34.) Lastly, before the Court is Plaintiff Chris Fordham's motion entitled "Plaintiff's Affidavit-Styled [Combined] 'Motion to Reconsider' and Vacate USMJ's 4/08/14 Order of Denials." (Docket Entry 43.) For the reasons that follow, the Court will deny Plaintiff's motion, recommend granting individual Defendant Barnes' motion to dismiss, and recommend denying Defendants' collective motion to dismiss.

## I. Background

Plaintiff, a prisoner, filed the original complaint along with an application to proceed *in forma pauperis* on July 25, 2013. On July 31, 2013, the undersigned stayed the case to give Plaintiff an opportunity to file a new complaint correcting the deficiencies in the original complaint. (Docket Entry 3.) On September 5, 2013, Plaintiff filed an amended complaint and the Court thereafter granted Plaintiff *in forma pauperis* status and the case proceeded. In the amended complaint, Plaintiff alleged that from December 18, 2009, until September 27, 2010, he was subject to hazardous and unsafe confinement conditions by Defendants and that they were "deliberate indifferently to [Plaintiff's] safety by their below and above violative act(s) or and inaction(s) of 'failing to protect [Plaintiff] from imminent known substantial risk of harm.'" (Am. Compl. ¶¶ 3, 5, Docket Entry 6) Plaintiff further alleges that on or about July 10, 2010, Defendants Ranson and Chavis witnessed Plaintiff being attacked by gang members which Defendants ignored. (*Id.* at 4, ¶¶ 7-9.) The next day, Plaintiff alleges that prison staff "opened all the cell doors in the block at once," subjecting him to risk of serious harm. (*Id.* ¶ 11.) Plaintiff suffered injuries to most of his upper body, had staples placed in his head and was confined to a wheelchair. (*Id.* ¶ 19.) According to Plaintiff, the assaults continued from [inmates] until September 27, 2010, when Plaintiff left the facility. (*Id.* ¶ 21.)

## II. Standard of Review

Defendants argue that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint

that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

## III. Discussion

**Statute of Limitations**

Defendants argue that most of Plaintiff's complaint is barred by the applicable three-year statute of limitations for personal injury torts in North Carolina. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, which contains no federal statute of limitations. *See* 42 U.S.C. § 1983. "Because there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable provision limiting the time in which an action [under § 1983] must be brought, must be borrowed from the analogous state statute of limitations." *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991) (internal quotations and citations omitted). In North Carolina, the analogous statute provides a three-year limitation for § 1983 claims. *See* N.C. Gen. Stat. § 1-52(5); *see also Nat'l Adver.*, 947 F.2d at 1161–62 (holding that N.C. Gen. Stat. § 1–52(5) applies to Section 1983 claims). "While the statutory limitations period for § 1983 actions is borrowed from state law, the time of accrual of a civil rights action is a question of federal law." *Nat'l Adver.*, 947 F.2d at 1162 (internal quotation marks omitted). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975).

An amended complaint filed outside the statute of limitations is permitted if it relates back to the original complaint filed within the statute of limitations. *See* Fed. R. Civ. P. 15(c) ("An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or

4

occurrence set out—or attempted to be set out—in the original pleading . . . ."). There must be a factual nexus between the amended and original complaints and the defendant must have notice of the claim and not be prejudiced by the amendment. *Gratten v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983).

Here, the amended complaint arises out of the same events as the original. The assertions given in the original complaint were sufficient to put Defendants on notice of their potential liability. They should not be prejudiced by the amendment. It appears that Plaintiff provided his original complaint to prison authorities on June 19, 2010. The complaint is deemed filed on the date it is delivered to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Dep't.*, 947 F.2d 733, 734-35 (4th Cir. 1991) (extending *Lack* to 42 U.S.C. § 1983 claims); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D.Md. 1998). Thus, June 19, 2010 is the relevant date for limitations purposes. Defendants seem to ignore Plaintiff's original complaint, making their argument based upon the filing date of Plaintiff's amended complaint. (*See* Defs.' Br. at 2-3, Docket Entry 22.) Because Plaintiff's amended complaint relates back to the original complaint, and he alleges specific events within the three-year statute of limitations giving rise to potential damages (*see e.g.*, Am. Compl. ¶¶ 7, 11-15), Plaintiff's amended complaint is not time-barred.[1] Defendants contend that there is no specific conduct alleged between September 6, 2010 and September 27, 2010 sufficient to state a plausible claim. (Defs.' Br. at 2-4.) If the allegations in the

---

[1] Plaintiff does assert a general conclusory statement that Defendants subjected him to hazardous and unsafe conditions beginning in December 2009 and continuing until he left the facility on September 27, 2010. (Am. Compl. ¶ 3.) Any specific allegations asserted prior to July 19, 2010 would clearly be time-barred. However, on its face, it appears Plaintiff's specific allegations stem from incidents occurring on July 19, 2010 and July 20, 2010. (*Id.* ¶¶ 7-16.)

5

complaint were limited to that time period, there certainly would be a question of whether Plaintiff's claim has facial plausibility. *See Nemet*, 591 F.3d at 255 ("[B]are assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.") (citations omitted).

However, Plaintiff does allege specific events which would have occurred within the three-year statute of limitations. Therefore, Defendants' argument fails.

**In Forma Pauperis**

The Prison Litigation Reform Act of 1996 ("PLRA" or "Act") limits the ability of prisoners to proceed *in forma pauperis*. Under the Act, when a prisoner has previously filed at least three actions or appeals that were "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Act's three strikes provision requires that the prisoner demonstrate that he "is under imminent danger of serious physical injury" before he may proceed without prepayment of fees. 28 U.S.C. § 1915(g). In the Fourth Circuit, dismissal without prejudice for failure to state a claim is not a "strike" under the Act. *McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009).

Defendants point to three cases which they claim qualify as strikes under the Act. (Docket Entry 22 at 5.) Plaintiff does have two strikes under the PLRA: *Fordham v. Keller*, No. 5:10-CT-3072-D (E.D.N.C. Apr. 11, 2011) (unpublished), and *Fordham v. Freeman*, 133 F.3d 914 (4th Cir. 1997) (per curiam) (unpublished table decision), were dismissed as frivolous. The third case identified, *Fordham v. Barr*, No. 1:08CV251 (M.D.N.C. May 15, 2008), was dismissed as frivolous and for failure to state a claim "but that such dismissal is

without prejudice." *Id.* at 3. Therefore, the third case is not considered a strike and Plaintiff may proceed *in forma pauperis*.²

**Supervisory Liability**

Alternatively, Defendant Barnes alleges that Plaintiff fails to state a claim for supervisory liability against him. Defendant Barnes may not be held liable based upon a theory of *respondeat superior*, because *respondeat superior* generally is inapplicable to § 1983 suits. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). However, a supervisor may be liable for the actions of a subordinate if:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
>
> (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and
>
> (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Supervisory liability is not established merely by demonstrating that a subordinate was deliberately indifferent to a plaintiff's medical needs. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990).

Plaintiff's Complaint mentions Defendant Barnes in two conclusory statements:

1. "From about 09 Dec 18 thru 10 Sep 27, I was subjected to 'a hazardous and unsafe confinement condition' by Defendants (Deft's) Joel Herron, Chandra Ranson, Neal Lea'kez, c/o (old-fem) Chavis, Sgt. Starr, Mr. Barnes' herein state act(s) or and omission(s)." (Am. Compl. ¶ 3.)

---

² Plaintiff has been a party to many actions in both the Middle and Eastern Districts of North Carolina. *See Fordham v. Haywood*, No. 5:09-CT-3136-D, 2011 WL 381741, at *1 n.1 (E.D.N.C. Feb. 2, 2011) (collecting cases involving Plaintiff). However, none of his other cases would qualify as a strike.

2. "Defts Sgt. Starr, Barnes [and] Lea'kez's failure/refusal to initially investigate properly [and] fully my entire factual circumstances for requesting 'P/C-status' through BI-unit staff subjected me to an imminent substantial [known] risk of serious harm." (*Id.* ¶ 29.)

Plaintiff's complaint lacks allegations sufficient to assert supervisory liability against Defendant Barnes. Even with the most liberal reading, Plaintiff, at most, asserts Defendant Barnes' knowledge of the incident occurring on June 19, 2010. (*See id.* ¶ 8.[3]) If true, knowledge of this single incident fails to show "continued inaction in the face of documented widespread abuses," which is necessary to establish deliberate indifference. *Shaw*, 13 F.3d at 799 (internal quotations omitted). Plaintiff's claim against Defendant Barnes should be dismissed.

**Plaintiff's Motion to Reconsider**

Plaintiff requests that the Court reconsider its denial of Plaintiff's motion for an order requiring the North Carolina Attorney General or Department of Public Safety to provide an address for Defendant Chavis or accept service on behalf of Defendant Chavis. (Docket Entry 41.) Generally, the motions to reconsider are treated as being filed under Rules 59(e) or 60(b). Plaintiff did not specify which rule he intended the motion to be made under; however, as he is *pro se*, his arguments will be construed liberally and the Court will consider both Rules. *See Hunt v. United States*, Nos. 7:09-CR-33-FL-1, 7:11-CV-144-FL, 2014 WL 358978, at *2 (E.D.N.C. Feb. 3, 2014).

Pursuant to Rule 59(e), a court may alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). In general, reconsideration of a judgment is considered to be an extraordinary remedy

---

[3] Here, Plaintiff does not specifically reference Defendant Barnes, but makes a general reference to "All" Defendants.

8

which will be granted only sparingly. *Pac. Ins. Co. v. Am. Nat. Fire. Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) motions are granted only in narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* None of those circumstances are present here.

Rule 60(b), as interpreted in the Fourth Circuit, "does not authorize a motion merely for reconsideration of a legal issue." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)). Rule 60(b) is extraordinary relief that should only "be invoked upon a showing of exceptional circumstances." *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) (internal quotation omitted). Plaintiff argues that:

> This [Court's] ruling filed 4/8/14 DENYING PLT'F relief of ORDERING the NCDPS or and NCDOJ (AGO) Def-Coun's to ACCEPT 'service of process for 'Def't Chavis' resulted from his [preju]dicial overlooking of material Facts and Laws that made his decision (a) contrary to dist.-ct rulings, (b) an unreasonable or and ERRONeous Application of clearly established law, (c) a 'prejudicial' abuse of discretion, and (d) a decision contrary to circuit[s] decisions, with such tantamount to reversible error.

(Pl.'s Mot. at 4, Docket Entry No. 43 (brackets in original)). These arguments all ask the Court to reconsider its legal judgment. This is not an appropriate basis for a Rule 60(b) motion. The relief requested demonstrates that Plaintiff is essentially asking the Court to rethink its decision: Plaintiff asks the court to "RE-read Pltf's complaint to evaluate 'Def't c/o ('old-fem') Chavis' liability and stated identity," "RECONSIDER said motion's 'process issue' and VACATE same," and issue the order Plaintiff initially requested. (*Id.*) Asking the Court to reconsider its legal judgment is not proper in a Rule 60(b) motion.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that the Defendants Crutchfield, Ranson, Leakez, Starr and Barnes' Motion to Dismiss (Docket Entry 21) be **DENIED**, and Defendant Barnes' Motion to Dismiss (Docket Entry 34) be **GRANTED**.

**FURTHERMORE, IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Docket Entry 43) is **DENIED**.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
March 12, 2015