IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRIS FORDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV617 |
| | ) | |
| ALVIN KELLER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff Chris Fordham's ("Plaintiff") motion entitled, "Plaintiff's contemporaneously submitted motion to alter/amend, (per Rule 59) vacate/aside (per Rule 60) the USDC-DJ's 3/22/2017 Order granting summary judgment to Defendants C. Ransom, N. Leakez." (Docket Entry 87.) Also before the Court is Plaintiff's motion entitled, "Plaintiff's conditional permissive request for 60-day extension to file a supplemental rule 59 & 60 motion [or] appropriate permissive notice/request to file an untimely appeal" (Docket Entry 94) and Plaintiff's motion entitled, "Plaintiff's affidavit styled unconditional request for permission to file and filing of late/timely notice of appeal." (Docket Entry 95.) All motions are ripe for disposition. For the reasons that follow, it is recommended that Plaintiff's motion to alter or amend be denied, and Plaintiff's request to file an untimely notice of appeal be denied as moot.

## I. BACKGROUND

Plaintiff, a pro se prisoner, filed this action pursuant to 42 U.S.C. § 1983 against Defendants for their alleged failure to protect Plaintiff from an assault by other inmates and

failure to grant his request for protective custody. (*See generally* Corrected Compl., Docket Entry 6.)[1] Discovery commenced in this matter in February 2016. (Docket Entry 56.) Dispositive motions were due no later than September 8, 2016. (*Id.*) Prior to the discovery deadline, Plaintiff filed a motion seeking, inter alia, an extension of time to respond to any dispositive motions. (Docket Entry 59.) On September 8, 2016, Defendants Gary Crutchfield, Neal Leakez, and Lisa Starr, and Chandra Ransom moved for judgment on the pleadings, or alternatively, summary judgment. (Docket Entry 68.) Shortly thereafter, Plaintiff filed a document that was docketed as a response to Defendants' motion. (Docket Entry 74.)[2] On February 3, 2017, the Court entered an order granting in part Plaintiff's extension motion and allowing him additional time to file a response to Defendants' summary judgment motion. (Text Order dated 02/03/2017.) Plaintiff subsequently submitted two more filings, neither of which were responses to Defendants' motion. (Docket Entries 75-76; *see also* Docket Entry 77 at 1 n.1.) On March 22, 2017, the Court entered an order granting Defendants Crutchfield, Leakez, Ransom, and Starr's motion for judgment on the pleadings, or in the alternative, for summary judgment. (Docket Entry 77; *see also* Docket Entry 78.)

Several days after judgment was entered in this action, Plaintiff filed several additional documents alleging various misconduct by prison officials, including destroying his property and assaulting him. (Docket Entries 79-86.) On April 10, 2017, Plaintiff filed the pending motion to alter, amend or vacate judgment, along with an affidavit and several additional

---

[1] Plaintiff's original Complaint was stricken per the Court's order. (Docket Entry 2.) Thereafter, Plaintiff filed an amended Complaint which is also referenced herein as the Corrected Complaint. (Docket Entry 6.)

[2] The Court later construed this document as a supplement to Plaintiff's complaints regarding meaningful access to the Courts. (*See* Docket Entry 77 at 1 n.1.)

attachments arguing denial of access to the Court and destruction of his property. (Docket Entries 87-93.) On August 18, 2017, Plaintiff filed the pending motion seeking additional time to "file a supplemental Rule 59 & 60 motion." (Docket Entry 94.) Soon thereafter, Plaintiff filed the last pending motion seeking permission to file a late notice of appeal. (Docket Entry 95.)

## II. DISCUSSION

### A. Motion to Alter, Amend or Vacate

Plaintiff seeks to alter, amend or vacate the Court's previous judgment in favor of Defendants Crutchfield, Leakez, Ransom, and Starr. (*See generally*, Docket Entry 87.) Plaintiff filed this motion on April 10, 2017, within twenty eight days of this Court's entry of judgment on March 22, 2017. Thus, the motion will be considered pursuant to Federal Rule of Civil Procedure Rule 59(e). "[C]ourts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). It is well settled that "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal citations omitted). Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal citations and quotations omitted).

A review of Plaintiff's motion and attachments indicate that none of the narrow circumstances above are present to warrant granting the motion. In Plaintiff's motion, he

3

essentially disagrees with the Court's previous rulings, specifically the denial of injunctive relief, the dismissal without prejudice as to the unserved Defendants, and the application of summary judgment in this matter. To some extent, Plaintiff's arguments "seek[] to cover the very same issues . . . briefed in previous filings and considered by [the] Court in reaching [its previous] conclusion[s.]" *Taylor v. Hinkle*, No. 3:08CV306, 2010 WL 114379, at *2 (E.D. Va. Jan. 11, 2010) (unpublished). "The Fourth Circuit has emphasized that [a] mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *Abebe v. Moring*, No. CV 5:12–187–MBS, 2013 WL 12098810, at *2 (D.S.C. Sept. 25, 2013) (citation omitted), *aff'd*, 557 F. App'x 227 (4th Cir. 2014). Moreover, Plaintiff has not presented an argument as to any clear error or to prevent any manifest injustice. *Frasier v. N. Carolina*, No. 5:13–HC–2010–F, 2015 WL 11070883, at *1 (E.D.N.C. Mar. 2, 2015), *appeal dismissed*, 612 F. App'x 193 (4th Cir. 2015) ("Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish.") (internal citations and quotations omitted). Plaintiff partly attempts to challenge the evidence attached to Defendants' summary judgment motion, but this challenge is improper because Plaintiff could have made such arguments prior to the entering of judgment. *Hill*, 277 F.3d at 708. Because Plaintiff fails to present any argument warranting relief under Rule 59(e), his motion should be denied.[3]

---

[3] To the extent Plaintiff requests relief under Federal Rule of Civil Procedure 60(b), it should also be denied. Rule 60(b) is extraordinary relief that should only "be invoked upon a showing of exceptional circumstances." *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) (internal quotation omitted). As with Rule 59(e), "[w]here the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982). Here, Plaintiff does not provide any proper grounds for relief under this rule.

4

## B. Notice of Appeal

Plaintiff has also filed two additional post-judgment motions in this matter. In the first motion, Plaintiff seeks an extension of time to file a supplemental Rule 59 motion and Rule 60 motion. (Docket Entry 94.) Plaintiff states that if this case is not closed, the Court should grant his request to supplement; but "[i]f closed, treat this document as a timely Notice of Appeal." (Docket Entry 94.) The Court recommends denial of said motion to the extent Plaintiff seeks to the supplement his Rule 59(e) motion. Again, Plaintiff has not set for grounds warranting any relief under Rule 59(e). To the extent Plaintiff requests that this document be considered a notice of appeal, the Court should construe the document as such. "[I]f a party files a *timely* motion in the district court to alter or amend the judgment under Rule 59(e), the time to file a notice of appeal runs from the entry of the order disposing of the Rule 59(e) motion." *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(A)) (emphasis in original). Plaintiff filed the notice of appeal while the Rule 59(e) motion was still pending, thus "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the [Rule 59(e)] motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Here, Plaintiff's notice of appeal will become effective on the date of the Court's ruling upon the Recommendation herein.

The last post-judgment motion before the Court is Plaintiff's motion seeking permission to file a late notice of appeal. (Docket Entry 95.) Having concluded that Plaintiff's notice of appeal will become effective on the date of the Court's ruling upon the Recommendation herein, Plaintiff does not need an extension of time to file a notice of appeal. Thus, this motion should be denied as moot.

5

## III. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Plaintiff's motion to alter or amend pursuant to Rule 59(e) (Docket Entry 87) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that to the extent Plaintiff seeks to file a supplemental Rule 59(e) motion, his motion (Docket Entry 94) be **DENIED**. To the extent requested, Plaintiff's filing should be construed as a notice of appeal.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to file a late notice of appeal (Docket Entry 95) be **DENIED** as moot.

Joe L. Webster
United States Magistrate Judge

December 11, 2017
Durham, North Carolina

6